NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civ. No. 06-5251 (GEB) |
| v. | : | |
| MICHAEL J. WOODBURY, | : | **MEMORANDUM OPINION** |
| Defendant. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the United States of America's ("Plaintiff" or "the Government") motion for summary judgment. The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Plaintiff's motion.

**I.     BACKGROUND**

In 1986, Michael Woodbury ("Defendant" or "Mr. Woodbury"), Giesela Smith ("Ms. Smith"), and Norwood Futrelle ("Mr. Futrelle") established FSM Restaurants, Inc. to run a restaurant in Little Silver, New Jersey. (Gov't Motion, Woodbury Dep. ("Ex. 1"), at 41:2-12.) Eventually, the group decided to move the restaurant to Red Bank, New Jersey, where a new corporation called FSM II Restaurants, Inc. (the "Corporation") was set up to run the establishment. (Id. at 46:24-47:15.) The restaurant suffered from chronic financial difficulties until it finally closed down in 1995. (Id. at 77:25-78:3, 82:13-83:9.) On November 7, 1996, a delegate from the Secretary of the Treasury's office assessed a trust fund recovery penalty against

Mr. Woodbury under 26 U.S.C. § 6672. (Gov't Motion, Declaration of Porrata-Doria ("Porrata-Doria Decl."), at ¶ 2.)   That penalty, totaling $151,984.23, was based on his failure to collect, truthfully account for, and pay over taxes that the Corporation was required by law to withhold from its employees' wages.  (Gov't Motion, IRS Account Transcript ("Ex. 4"), at 1.)  Specifically, the penalty arose in connection with unpaid payroll taxes for all four quarters of 1991, all four quarters of 1992, all four quarters of 1993, the third and fourth quarters of 1994, and the first, third, and fourth quarters of 1995.  (Porrata-Doria Decl. at ¶ 2.)   As of March 24, 2008, Mr. Woodbury owed the Government a total trust fund recovery penalty balance of $307,258.28, plus interest and statutory additions.  (Gov't Motion, Ex. 4 at 1.)

## II.   STANDARD

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P.  56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Hersh v. Allen Prod. Co., 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

**III.    DISCUSSION**

Sections 3102 and 3401 of the United States Code (the "Code") require employers to withhold federal social security and income taxes from the wages of their employees. 26 U.S.C. §§ 3102, 3401. Employers are expected to withhold the taxes "in trust" for the benefit of the United States. 26 U.S.C. § 7501(a). Section 6672 of the Code provides that a person responsible for withholding and paying over taxes who willfully fails to do so is liable for a penalty equal to the total amount of the unpaid taxes. 26 U.S.C. § 6672(a). A section 6672 assessment against a responsible person is equivalent to the assessment of a tax. 26 U.S.C. § 6671(a). Once the IRS assesses a tax, a rebuttable presumption arises that the assessment is correct. Psaty v. United States, 442 F.2d 1154, 1160 (3d Cir. 1971). Therefore, the burden shifts to the Defendant, Mr. Woodbury, to show that the assessment against him under Section 6672 is incorrect. Id. To avoid liability pursuant to Section 6672, the defendant must establish either: (1) that he was not a responsible person within the meaning of the statute, or (2) that he did not willfully fail to pay the amount due to the IRS. Brounstein v. United States, 979 F.2d 952, 954 (3d Cir. 1992). The Court holds in the case at bar that there are no genuine issues of material fact surrounding either element, and summary judgment will therefore be granted in favor of the Government.

**A. Whether Mr. Woodbury Is A Responsible Person Under The Statute**

A "responsible person" under Section 6672 is a person "required to collect, truthfully account for or pay over any tax." Quattrone Accountants, Inc. v. IRS, 895 F.2d 921, 927 (3d Cir. 1990), *citing* Slodov v. United States, 436 U.S. 238, 246 n.7 (1978). Responsibility is a matter of status, duty, or authority, not knowledge. Quattrone, 895 F.2d at 927, *citing* Mazo v. United States, 591 F.2d 1151 (5th Cir. 1979). A person is responsible if the person has significant,

though not necessarily exclusive, control over the Corporation's finances. Brounstein, 979 F.2d at 954, *citing* Quattrone, 895 F.2d at 927.  In determining whether an individual is a person responsible for paying over withheld taxes, courts consider the following factors:

> (1) contents of corporate bylaws, (2) ability to sign checks on the company's bank account, (3) signature on the employer's federal quarterly and other tax returns, (4) payment of other creditors in lieu of the United States, (5) identity of officers, directors, and principal stockholders in the firm, (6) identity of individuals in charge of hiring and discharging employees, and (7) identity of individuals in charge of the firm's financial affairs.

Greenberg v. United States, 46 F.3d 239, 243 (3d Cir. 1994).   More than one individual may be a responsible person within a given entity under Section 6672(a).  Brounstein, 979 F.2d at 955, *citing* Quattrone, 895 F.2d at 926.  Each responsible person is jointly and severally liable for the total amount of the withheld taxes not paid.  Id.

The Court holds that, even reviewing the Government's brief, the transcripts of the Smith and Woodbury depositions and the Complaint and Answer in this case in the light most favorable to non-movant, there is no genuine issue of material fact as to whether Mr. Woodbury was a responsible person pursuant to Section 6672.  Mr. Woodbury was actively involved in the financing and operational discussions with the Corporation's majority shareholder, signed the lease agreement for the restaurant's new location and signed the promissory note for a $200,000 liquor license. (Gov't Motion, Ex. 1 at 42:15-43:21, 65:24-68:9, 98:6-102:5.)  Mr. Woodbury also actively took part in the Corporation's decision to file for bankruptcy and sought additional investors in a vain attempt to save the floundering restaurant.  (Id. at 111:10-115:11, 121:8-23.) As the restaurant's head chef, he made day-to-day decisions which affected the Corporation's revenue. For instance, he created the menu, set the prices, and ordered the food without

consulting anyone else in the company.  (Id. at 51:18-52:18, 53:10-54:3.)  Finally, Mr. Woodbury acknowledged in his sworn testimony that he played a large role in the financial aspect of the restaurant's operations after Mr. Futrelle passed away.  (Id. at 115:12-22.)

The Court's conclusion is buttressed by an application of the *Greenberg* factors to the case at bar.  *See* Greenberg, 46 F.3d at 243.  First, Mr. Woodbury was one of the founders and one of four principal shareholders of the Corporation.  (Id. at 36:2-25.)  He was also an officer of the Corporation at all relevant times.  (Id. at 50:3-7.)  Second, Mr. Woodbury had the ability to sign checks from the Corporation's bank account, including checks to food vendors and occasional payroll checks.  (Id. at 56:17-25, 57:13-15, 88:20-89:4; Smith Dep. ("Ex. 2") at 58:10-59:8.)  Third, he had the authority to hire and discharge employees from the Corporation.  (Id. Ex. 2 at 48:4-11.)  Finally, he testified during his deposition that he paid wait staff salaries, food costs and other creditors (including the gas, electric, and phone companies) instead of paying the unpaid taxes owed to the Government.  (Id. Ex. 1 at 104:21-105:23.)  Even viewing all evidence in the light most favorable to non-movants, there appears to be no genuine issue of material fact under the *Greenberg* analysis that Mr. Woodbury was a responsible person under Section 6672.

Mr. Woodbury's contention that he should not be held responsible for the tax assessment because he was not the primary person in charge of running the Corporation is unavailing.  As explained above, "more than one individual may be a responsible person within a given entity under Section 6672(a)."  Brounstein, 979 F.2d at 955.  Since Mr. Woodbury clearly satisfies the criteria of a responsible person, the Court finds that he can also be held accountable for the unpaid tax liability even if the Government has not shown that he was the primary financial

5

manager for the Corporation.  Mr. Woodbury's tax liability cannot be excused or delegated to another person, so he is "jointly and severally liable for the total amount of the withheld taxes not paid" by the Corporation.  Id.

### B. Whether Mr. Woodbury Has Willfully Failed To Pay The Unpaid Taxes

A responsible person under the statute acts willfully if he pays other creditors in preference to the IRS knowing that taxes are due.  Quattrone, 895 F.2d at 928, *citing* Wall v. United States, 592 F.2d 154, 163 (3d Cir. 1979).  Willfulness indicates a "voluntary, conscious, and intentional decision to prefer other creditors over the IRS."  Quattrone, 895 F.2d at 928, *citing* George v. United States, 819 F.2d 1008, 1011 (11th Cir. 1987).  Any payment to other creditors, including the payment of net wages to the Corporation's employees, with knowledge that taxes are due to the Government, constitutes a willful failure to pay taxes.  Greenberg, 46 F.3d at 244.  A responsible person can also act willfully if he pays other creditors with reckless disregard for whether taxes have been paid.  Quattrone, 895 F.2d at 928, *citing* United States v. Vespe, 868 F.2d 1328, 1335 (3d Cir. 1989).  This latter standard is satisfied "if the taxpayer: (1) clearly ought to have known that (2) there was a grave risk that withholding taxes were not being paid and if (3) he was in a position to find out for certain very easily."  Vespe, 868 F.2d at 1335, *quoting* Sawyer v. United States, 831 F.2d 755, 758 (7th Cir. 1987).  Reckless disregard also includes failing to investigate or correct mismanagement after being notified that withholding taxes have not been paid.  Greenberg, 46 F.3d at 244, *quoting* Morgan v. United States, 937 F.2d 281, 286 (5th Cir. 1991) (per curiam).

In the case at bar, and viewing all allegations in the light most favorable to non-movant, the Court holds that there is no genuine issue of material fact that Mr. Woodbury willfully failed

to pay payroll taxes to the Government. First, Mr. Woodbury knowingly failed to cover his tax liability because he continued to pay other creditors in lieu of the Government. Mr. Woodbury does not contend that he was unaware of the outstanding liability nor does he dispute that he wrote checks to other creditors during the time at issue. Rather, he acknowledges that by April 1994 he was aware of the Corporation's payroll tax delinquencies and nonetheless continued to authorize payments to creditors for deliveries of goods and services for the restaurant. (Gov't Motion, Ex. 1 at 62:11-64:2; Ex. 2 at 76:1-23.) Any argument on Mr. Woodbury's part that he paid creditors in order to keep the restaurant in business would be unavailing. Indeed, the Third Circuit has ruled that a liable taxpayer cannot be excused by claiming that the Corporation was in financial distress or that the funds were "spent to keep the Corporation in business with an expectation that sufficient revenue would later become available to pay the United States." Greenberg, 46 F.3d at 244.

      In the alternative, the Court holds that there is no genuine issue of material fact that Mr. Woodbury recklessly disregarded his responsibility to pay taxes during the period at issue. *See* Vespe, 868 F.2d at 1335. Mr. Woodbury admitted that he knew the Corporation was struggling to pay its taxes on time because he was told at least six times by Mr. Futrelle. (Gov't Motion, Ex. 1 at 83:19-84:11.) Even if Mr. Futrelle had not so informed him, Mr. Woodbury could have easily discovered said liability since he had access to the Corporation's financial records at all times. (Id. at 81:10-24, 103:4-9.) Despite his knowledge of the Corporation's late payroll taxes, he did not make any attempt to pay the taxes owed to the Government. (Id. at 85:4-86:10.)

### III.    CONCLUSION

      For the foregoing reasons, the Court will grant the Government's motion for summary

judgment. An appropriate form of Order accompanies this Opinion.


Dated: July 3, 2008


                                                            s/ Garrett E. Brown, Jr.  
                                            GARRETT E. BROWN, JR., U.S.D.J.